**310**

UNITED STATES of America

v.

Joseph NICHOLAS.

Crim. No. 63-201.

United States District Court
W. D. Pennsylvania.

Dec. 17, 1963.

Robert E. Tucker, Asst. U. S. Atty.,. Gustave Diamond, U. S. Atty., for the United States.

Dante G. Bertani, Greensburg, Pa., William G. Boyle, Pittsburgh, Pa., for defendant.

DUMBAULD, District Judge.

Defendant was found guilty by the jury on all three counts of a wagering tax information, charging violation, respectively, of 26 U.S.C. § 7203 (wilful failure to pay tax); 26 U.S.C. § 7272 (failure to register); and 26 U.S.C. § 7262 (performing taxable act without. having paid tax).

The information in each count charges. in the conjunctive that defendant was a. person "engaged in the business of accepting wagers *and* in receiving wagers. for or on behalf of a person or persons. engaged in the business of accepting wagers" (italics supplied).

There was direct testimony on the part. of an Internal Revenue agent which was: adequate to support the jury's verdict. that the defendant wrote numbers at his: place of business.

But there was no evidence to show whether the defendant was himself a. "banker" and thus himself a person engaged in the business of "accepting" wagers or whether he was a writer on; behalf of some other "banker" and was. thus engaged in "receiving" wagers for or on behalf of a banker engaged in the business of "accepting" wagers. (Regarding the job classification in the numbers industry see United States v. Calamaro, 354 U.S. 351, 77 S.Ct. 1138, 1 L.. Ed.2d 1394 (1957) ).

The crucial statutory provision is 26; U.S.C. § 4411 imposing a "special tax" of $50.00 per year upon "each person who is liable for tax under Section 4401 or who is engaged in receiving wagers. for or on behalf of any person so liable".. 26 U.S.C. § 4401 imposes a ten percent;

"excise tax" upon every person "engaged in the business of accepting wagers".

Defendant's motion for new trial or judgment of acquittal squarely raises the question whether there was sufficient evidence to support a conviction of either of the offenses charged.

Apparently this is a question of first impression, and our attention has not been directed by counsel to any decisions either of the Supreme Court or of the Third Circuit adjudicating this issue. We are, therefore, left to decide it in accordance with general principles of criminal jurisprudence.

The government contends that because the information is in the conjunctive and not the disjunctive, a sufficient case has been made out. But the problem does not relate to the information. The *allegata* are adequate, but the question is whether the *probata* support either alternative of the dichotomy.

Undoubtedly, under the disjunctive charge, it would be sufficient if the government proved *either* that defendant was a writer or a banker. But there was no evidence whatever disclosing in what capacity he acted.

The situation is the same as if a defendant were charged with adultery and fornication, and the proof merely showed sexual intercourse without indicating whether the parties were married.

It would seem that under general principles of criminal jurisprudence the proof is too indefinite. Neither crime is proved when all that is proved is that one or the other was committed.

In order to convict the defendant of "receiving wagers for or on behalf of any person" engaged in the business of accepting wagers, it would seem necessary to prove that the defendant received wagers "for or on behalf of" such a banker. Otherwise we would be disregarding the statutory words "for or on behalf of any person".

On the other hand it defies common sense to assume that defendant was himself a banker, that is to say a person engaged in the business of "accepting" wagers on his own account.

Under general principles of criminal law we feel that defendant's point is well taken. As a consideration of policy the result of this view may make it difficult to obtain convictions, but as pointed out by the Supreme Court in the Calamaro case it is the duty of the courts to enforce the legislation as Congress has enacted it and not as we might wish it to be in order to be more effective for the purposes for which it is designed.

If our construction of the statute is erroneous, an appellate adjudication will furnish an authoritative guide for the disposition of future cases.

Defendant's motion for judgment of acquittal is granted.